**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

UNITED STATES OF AMERICA,      )      CASE NO. 1:19-cr-251-19
)
)
      Plaintiff,      )      CHIEF JUDGE SARA LIOI
)
vs.      )
)      MEMORANDUM OPINION
)      AND ORDER
BOBBI BOYLAN,      )
)
)
      Defendant.      )

On December 30, 2025, the Court issued a decision denying defendant Bobbi Boylan's ("Boylan" or "defendant") motion for compassionate release, finding that Boylan had failed to exhaust her administrative remedies or demonstrate the existence of extraordinary and compelling reasons, and because the sentencing factors identified at 18 U.S.C. § 3553(a) did not favor early release. (Doc. No. 862 (Memorandum Opinion and Order), at 1–9; *see* Doc. No. 847 (Motion).) As part of its decision, the Court "recommend[ed] that Boylan be considered for transfer to an RRC [(residential reentry center)] that provides drug addiction rehabilitation services at the earliest possible time and for the longest possible time provided by law." (*Id.* at 9 (citation omitted).)

Boylan now seeks reconsideration of the portion of the decision relating to the Court's recommendation regarding placement in an RRC. (Doc. No. 866 (Motion for Reconsideration).) Apparently frustrated with what she views as delay by the Bureau of Prisons ("BOP") and the warden at her facility in acting on the Court's recommendation, Boylan inquires whether "there [is] anyway [sic] possible [she] can get a new decision and a re-write and make it an amended order instead of a 'request'?" (*Id.* at 1.) The short answer to Boylan's inquiry is "no."

The BOP, pursuant to 18 U.S.C. § 3624(c)(1), as amended by the Second Chance Act, Publ. L. No. 110-119, § 251(a), 122 Stat. 657 (Apr. 9, 2008), may place an inmate in an RRC for no longer than 12 months at the end of her sentence. 18 U.S.C. § 3624(c)(1) ("The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility."); *see Demis v. Sniezek*, 558 F.3d 508, 513–14 (6th Cir. 2009). While a court may make a non-binding recommendation for such placement, the BOP has exclusive authority to determine if an inmate should be placed in such a setting and, if so, for how long. 18 U.S.C. § 3621(b); *see also Tapia v. United States*, 564 U.S. 319, 331, 131 S. Ct. 2382, 180 L. Ed. 2d 357 (2011) ("A sentencing court can *recommend* that the BOP place an offender in a particular facility or program. But decision[-]making authority rests with the BOP." (internal citation omitted, emphasis in original)).

The Court understands that, owing to the time remaining in her sentence, the BOP is likely not yet in a position to consider Boylan for RRC placement. (*See* https://www.bop.gov/inmateloc/ (showing an anticipated release date for Boylan of February 9, 2030), last visited April 14, 2026.) Nevertheless, to the extent Boylan believes that the BOP has erred in its determination of her eligibility for RRC placement, her remedy is to file a habeas petition, pursuant to 28 U.S.C. § 2241, in the jurisdiction in which she is held, after she has exhausted her administrative remedies. *See Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006). This Court, however, is without authority to order the BOP to place Boylan in an RRC.

The Court is also without authority to address Boylan's concerns regarding the application of earned time credits to her sentence. (*See* Doc. No. 866, at 2 (Boylan complaining that she is "being refused and denied" time credits under the Fair Sentencing Act).) The calculation of a federal prisoner's sentence is the responsibility of the Attorney General, acting through the BOP. *United States v. Wilson*, 503 U.S. 329, 334–35, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992). Challenges to the BOP's calculation of sentence and the application of earned time credits must be brought in a habeas petition in the jurisdiction in which the defendant is serving her sentence, after she has exhausted her administrative remedies. *See United States v. Muhammad*, No. 09-cr-20491, 2024 WL 499520, at *1 (E.D. Mich. Feb. 8, 2024) (citing *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993); *Roman v. Ashcroft*, 340 F.3d 314, 320 (6th Cir. 2003)); *United States v. Massey-Lovejoy*, 1:19-cr-184, 2024 WL 712348, at *2 (N.D. Ohio Feb. 21, 2024) (citations omitted); *see also United States v. White*, 1:19-cr-348, 2022 WL 2789360, at *1 (N.D. Ohio July 15, 2022) ("By challenging the BOP's calculation of his jail-time credit, White is attacking the execution of his sentence. Consequently, he must file a habeas petition under § 2241 in the district in which he is being confined." (citations omitted)).

Because the Court is without authority to grant Boylan any of the relief she seeks, her motion for reconsideration (Doc. No. 866) is denied.

**IT IS SO ORDERED**.

Dated: April 23, 2026

_____
**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**